UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUROSH KENNETH HAMIDI, et al., | No. 2:14-cv-0319-WBS-KJN |
| Plaintiffs, | |
| v. | ORDER |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 100, et al., | |
| Defendants. | |

The court is in receipt of a motion styled as "Plaintiff Ken Hamidi's motion to quash third party subpoena *duces tecum*." Although plaintiff Hamidi is represented by counsel in this action, the motion was filed by plaintiff Hamidi himself acting *pro se*. Ordinarily, the court would be concerned about a represented party attempting to file documents himself *pro* se, and would have been disinclined to even permit such filings on the case docket. However, upon closer examination, it appears that plaintiff Hamidi did not file the motion on his own behalf as a plaintiff in the case, but instead has moved to quash a subpoena directed to a non-party corporation, the California Professional Public Employees Association ("CPPEA"), with which plaintiff Hamidi is somehow involved. See also http://kepler.sos.ca.gov/. As such, the court will direct the Clerk of Court to enter the motion on the case docket.

////

1

Nevertheless, Mr. Hamidi is not an attorney, and CPPEA cannot appear in federal court without an attorney. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (holding that corporations, partnerships, or associations may not appear in federal court otherwise than through a licensed attorney). Therefore, the court denies the motion without prejudice. If CPPEA wishes to renew the motion, it must appear through counsel and file a properly-noticed motion in accordance with the court's Local Rules and the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall file "Plaintiff Ken Hamidi's motion to quash third party subpoena *duces tecum*" on the docket.
2. The motion to quash is denied without prejudice.

IT IS SO ORDERED.

Dated:  December 16, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE