JEFFREY B. DEMAIN (SBN 126715)
EVE H. CERVANTEZ (SBN 164709)
P. CASEY PITTS (SBN 262463)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064
jdemain@altshulerberzon.com
ecervantez@altshulerberzon.com
cpitts@altshulerberzon.com

YORK J. CHANG (SBN 220415)
ANNE M. GIESE (SBN 143934)
SEIU Local 1000
1808 14th Street
Sacramento, California  95811
Telephone:   (916) 554-1279
Facsimile:  (916) 554-1292
ychang@seiu1000.org
agiese@seiu1000.org

Attorneys for Defendant
Service Employees International Union, Local 1000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUROSH KENNETH HAMIDI, et al., AND THE CLASS THEY SEEK TO REPRESENT<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000, et al.;<br><br>Defendants. | No. 2:14-cv-00319-WBS-KJN<br><br>**STIPULATION RE:  PLAINTIFFS' ANSWERS TO DEFENDANT SEIU LOCAL 1000'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS; ORDER THEREON**<br><br>Hearing Date:  N/A<br>Time:          N/A<br>Courtroom:     N/A<br>Judge:         Hon. William B. Shubb |

**TO THE COURT:**

The parties to the above-captioned case hereby submit the following stipulations regarding Plaintiffs' Answers to Defendant SEIU Local 1000's Second Set of Interrogatories and Second Set of Requests for Production of Documents.

1.      Plaintiffs' Amended Answer to SEIU Local 1000's Interrogatory No. 15 and Answers to SEIU Local 1000's Interrogatories Nos. 16-33, all of which Interrogatories consist of questions regarding Plaintiffs' legal contentions in the above-captioned action, were verified by Plaintiffs' counsel W. James Young on Plaintiffs' behalf, rather than personally by each of the Plaintiffs.  In order to avoid unnecessary time and effort on the part of Plaintiffs and their counsel, the undersigned parties hereby stipulate that Mr. Young's verification on behalf of Plaintiffs shall have the same effect as if those Answers had been verified personally by each of the Plaintiffs, and that those Answers shall be binding on each of the Plaintiffs to the same extent as if he or she had personally verified them under penalty of perjury.

2.      Plaintiffs hereby withdraw their objections to Interrogatories Nos. 26-33 based on exceeding the number of permissible number of interrogatories, in light of the parties' stipulation in the Revised Joint Status Report regarding the number of interrogatories permitted to each side.  *See* Docket No. 20 at 4:9-12.

3.      Plaintiffs affirm and stipulate that they are not withholding any information subject to any of the objections they have raised to Local 1000's Interrogatories or Requests for Production of Documents.

4.      Plaintiffs stipulate that they are pursuing two claims in this action:  (1) that the "opt-out" system under California law and Local 1000's June 2013 *Hudson* notice, which requires nonmembers to notify Local 1000 of their objection to paying for non-chargeable expenses or else be charged the full fair share fee, and to renew annually their objection, is unconstitutional under the First Amendment; and (2) that Local 1000 unconstitutionally collected non-chargeable expenses from non-members who had objected to paying for non-chargeable expenses in response to the Union's June 2013 *Hudson* notice by charging them for a proportional share of the Union's defense costs in *Knox v. Service Employees Int'l Union, Local 1000*, Case No. 2:05-cv–02198 MCE KJM, and reported at 132

**Stip. Re:  Pls.' Answers to SEIU Local 1000's Interrogatories & Requests for Production of Documents; Order**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

1

1   S. Ct. 2277 (2012), in violation of the First Amendment.  Plaintiffs further stipulate that they are *not*

2   pursuing any other claims that the content of Local 1000's June 2013 *Hudson* notice was

3   constitutionally deficient under *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292 (1986),

4   i.e., a so-called "*Hudson* notice claim."

5        5.     Because Local 1000 provided Plaintiffs with several extensions of time to respond to

6   its Second Sets of Interrogatories and Requests for Production of Documents, it did not receive those

7   Answers until after it filed its Opposition to Plaintiffs' Motion for Class Certification ("Opposition"),

8   Docket No. 39, and therefore was not aware when it drafted and filed its Opposition that Plaintiffs

9   were not pursuing a *Hudson* notice claim.  For that reason, it discussed a *Hudson* notice claim at

10  several points in that Opposition as though Plaintiffs were pursuing such a claim.  So that the Court

11  may be fully and accurately informed as to Local 1000's arguments regarding the claims that Plaintiffs

12  are actually seeking to litigate and as to which they request class certification, the parties hereby

13  stipulate that Local 1000 may file a Supplemental Opposition of no more than three pages clarifying

14  and correcting the references to a *Hudson* notice claim in their Opposition.

15       The foregoing is so stipulated and agreed between the parties to the above-captioned action, by

16  among their undersigned counsel.

17       Dated:   April 16, 2015      Respectfully submitted,

18                      JEFFREY B. DEMAIN
                        EVE H. CERVANTEZ

19                      P. CASEY PITTS
                    Altshuler Berzon LLP

20

21                      YORK J. CHANG
                    ANNE M. GIESE

22                      SEIU Local 1000

23                      By:_____*/s/ Jeffrey B. Demain*

24                          Jeffrey B. Demain

25                      Attorneys for Defendant Service Employees
                    International Union, Local 1000

26

27

28

**Stip. Re:  Pls.' Answers to SEIU Local 1000's Interrogatories & Requests for Production of Documents; Order**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

2

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
KIM L. NGUYEN
Deputy Attorney General
State Bar No. 209524
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Telephone:  (213) 897-5677
Facsimile:  (213) 897-5775
E-mail:  Kim.Nguyen@doj.ca.gov


By:____*/s/Kim Nguyen* (as authorized on April 16, 2015)
          Kim Nguyen

Attorneys for Defendant John Chiang,
Controller of the State of California

W. JAMES YOUNG, Esq. (admitted *pro hac vice*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510

STEVEN R. BURLINGHAM, Esq.
California Bar No. 88544
Gary, Till & Burlingham
5330 Madison Avenue, Suite F
Sacramento, California  95841
Telephone:  (916) 332-8122
Facsimile:  (916) 332-8153


By:____*/s/W. James Young* (as authorized on April 16, 2015)
          W. James Young

Attorneys for Plaintiffs and the Class They Seek to Represent

## ORDER

**IT IS SO ORDERED.  The supplemental opposition referenced above shall be filed no later than MAY 4, 2015.**

Dated:  April 21, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Stip. Re:  Pls.' Answers to SEIU Local 1000's Interrogatories & Requests for Production of Documents; Order
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

3