1  JEFFREY B. DEMAIN (SBN 126715)
   EVE H. CERVANTEZ (SBN 164709)
2  P. CASEY PITTS (SBN 262463)
   Altshuler Berzon LLP
3  177 Post Street, Suite 300
   San Francisco, California 94108
4  Telephone: (415) 421-7151
   Facsimile: (415) 362-8064
5  jdemain@altshulerberzon.com
   ecervantez@altshulerberzon.com
6  cpitts@altshulerberzon.com

7  YORK J. CHANG (SBN 220415)
   ANNE M. GIESE (SBN 143934)
8  SEIU Local 1000
   1808 14th Street
9  Sacramento, California 95811
   Telephone: (916) 554-1279
10 Facsimile: (916) 554-1292
   ychang@seiu1000.org
11 agiese@seiu1000.org

12 Attorneys for Defendant
   Service Employees International Union, Local 1000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUROSH KENNETH HAMIDI, et al., AND THE CLASS THEY SEEK TO REPRESENT<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000, et al.;<br><br>Defendants. | No. 2:14-cv-00319-WBS-KJN<br><br>**STIPULATED REQUEST TO AMEND CLASS DEFINITION;** ~~PROPOSED~~ **ORDER THEREON**<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: N/A<br>Judge: Hon. William B. Shubb |

**TO THE COURT:**

The parties to the above-captioned case hereby submit the following stipulated request to amend the class definition set forth in the Court's May 22, 2015 Memorandum and Order Re: Motion for Class Certification and Appointment of Class Counsel, Docket No. 53:

1.     The Court issued its Memorandum and Order Re: Motion for Class Certification and Appointment of Class Counsel ("Memorandum"), Docket No. 53, on May 22, 2015.

2.     The Memorandum defines the certified class as follows, in relevant part: "all former, current and future State of California employees employed in Bargaining Units 1, 3, 4, 11, 14, 15, 17, 20, and 21 who are, have been, or will be represented exclusively for purposes of collective bargaining by Local 1000, from June 2013 onward . . . ." Memorandum at 20:16-18.

3.     The Memorandum also states, "The court retains the power to modify this definition, and it will be the duty of the parties' counsel to call to the court's attention any other necessary adjustments." *Id*. at 5:6-8.

4.     It appears from the definitions of the subclasses set forth in the Memorandum that the Court intended to limit the class to non-members of Local 1000 who were subject to a provision requiring that they have deducted from their wages agency fees as a condition of continued public employment. *See* Memorandum at 20:19 – 21:2. But the general class definition does not expressly exclude union members. Therefore, the parties, through their undersigned counsel, hereby respectfully request the Court to amend the class definition so as to clarify that the class is limited to state employees who, at any time during the class period, were represented by Local 1000 but were not members of Local 1000, and had agency fees deducted from their wages. (Thus, state employees who were represented by Local 1000 during the class period, but were members of Local 1000 for part of that time and non-members of Local 1000 for part of that time, are included in the class but only have damage claims for the period of time during which they were represented by Local 1000 but were not members of Local 1000.) The parties respectfully request that the Court do so by amending the Memorandum as follows:

    A.     Amending the class definition quoted above (Memorandum at 20:16-18) to add the following underlined language: "all former, current and future State of

**Stipulated Request to Amend Class Definition; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

1

California employees employed in Bargaining Units 1, 3, 4, 11, 14, 15, 17, 20, and 21 who are, have been, or will be represented exclusively for purposes of collective bargaining by Local 1000 from June 2013 onward<u>, but for some or all of that period were not members of Local 1000,</u> . . . ."

B. Adding a new sentence to the Memorandum at 21:3, immediately following the class definition, stating as follows: "State employees who were represented by Local 1000 during the class period, but were members of Local 1000 for part of that time and non-members of Local 1000 for part of that time, are included in the class but only have claims for the period or periods during which they were represented by Local 1000 but were not members of Local 1000."

5. The foregoing request is so stipulated and agreed between the parties to the above-captioned action, by among their undersigned counsel.

Dated: June 5, 2015.          Respectfully submitted,

JEFFREY B. DEMAIN
EVE H. CERVANTEZ
P. CASEY PITTS
Altshuler Berzon LLP

YORK J. CHANG
ANNE M. GIESE
SEIU Local 1000

By:     */s/ Jeffrey B. Demain*
             Jeffrey B. Demain

Attorneys for Defendant Service Employees International Union, Local 1000

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
KIM L. NGUYEN
Deputy Attorney General
State Bar No. 209524
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Telephone:  (213) 897-5677
Facsimile:  (213) 897-5775
E-mail:  Kim.Nguyen@doj.ca.gov

By:     */s/Kim Nguyen* (as authorized on June 4, 2015)

**Stipulated Request to Amend Class Definition; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

2

Kim Nguyen

Attorneys for Defendant John Chiang, Controller of the State of California

Kim Nguyen

Attorneys for Defendant John Chiang,
Controller of the State of California

W. JAMES YOUNG, Esq. (admitted *pro hac vice*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510

STEVEN R. BURLINGHAM, Esq.
California Bar No. 88544
Gary, Till & Burlingham
5330 Madison Avenue, Suite F
Sacramento, California  95841
Telephone:  (916) 332-8122
Facsimile:  (916) 332-8153

By:   */s/W. James Young* (as authorized on June 5, 2015)
            W. James Young

Attorneys for Plaintiffs and the Class They Represent

## ORDER

**IT IS SO ORDERED.**

Dated:  June 5, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**Stipulated Request to Amend Class Definition; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

3