JEFFREY B. DEMAIN (SBN 126715)
EVE H. CERVANTEZ (SBN 164709)
P. CASEY PITTS (SBN 262463)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jdemain@altshulerberzon.com
ecervantez@altshulerberzon.com
cpitts@altshulerberzon.com

YORK J. CHANG (SBN 220415)
ANNE M. GIESE (SBN 143934)
SEIU Local 1000
1808 14th Street
Sacramento, California 95811
Telephone: (916) 554-1279
Facsimile: (916) 554-1292
ychang@seiu1000.org
agiese@seiu1000.org

Attorneys for Defendant
Service Employees International Union, Local 1000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOUROSH KENNETH HAMIDI, et al., AND THE CLASS THEY SEEK TO REPRESENT,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000, et al.;<br><br>Defendants. | No. 2:14-cv-00319-WBS-KJN<br><br>**STIPULATED REQUEST TO STAY PROCEEDINGS;** ~~PROPOSED~~ **ORDER THEREON**<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: N/A<br>Judge: Hon. William B. Shubb |

**Stipulated Request to Stay Proceedings; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

**TO THE COURT:**

The parties to the above-captioned case hereby submit the following stipulated request to stay all further proceedings in the case, specifically summary judgment, all further pretrial proceedings, and trial, pending a decision from the U.S. Supreme Court in the case *Friedrichs v. California Teachers Ass'n*, Case No. 14-915, *cert. granted*, 2015 WL 407687 (Mem), 83 USLW 3653 (June 30, 2015), which raises *inter alia* the same issue of the constitutionality of the opt-out procedure for fair share fee objections that is at the heart of the present case.  The Supreme Court granted a petition for writ of *certiorari* on June 30, 2015, *see id.*, and its decision is anticipated by the end of the October 2015 term, that is, by June 30, 2016.  In support of this stipulated request, the parties provide the following showing of good cause:

1. Plaintiffs filed their Complaint in this case on January 31, 2014.  Docket No. 1.

2. Both defendants, Service Employees International Union, Local 1000 ("Local 1000") and the State Controller, answered the Complaint on April 25, 2014.  Docket Nos. 17 & 18.

3. The Court issued a Status (Pretrial Scheduling) Order, Docket No. 21, on July 31, 2014, setting the following pretrial and trial schedule:

| | |
|---|---|
| August 4, 2014 | Initial disclosures |
| January 5, 2015 | Initial expert reports |
| April 2, 2015 | Rebuttal expert reports |
| June 1, 2015 | Discovery cut-off |
| November 2, 2015 | Motion cut-off |
| February 1, 2016 | Final pretrial conference |
| March 29, 2016 | Trial |

4. Pursuant to that schedule, initial disclosures were exchanged and discovery has closed.  (No expert reports were exchanged, so none of the parties will be proffering expert testimony.)  Moreover, although not set by the foregoing schedule, Plaintiffs filed a motion for class certification, which the Court granted in part and denied in part on May 22, 2015.  *See* Docket No. 53; *see also* Docket No. 55 (Order Amending Class Definition).  All that remains is summary judgment and, if necessary, trial.

**Stipulated Request to Stay Proceedings; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

1

5. However, summary judgment and/or trial in the present case may be rendered unnecessary, or at the least the scope of any summary judgment and/or trial will likely be substantially narrowed, by the Supreme Court's eventual decision in *Friedrichs*. The present case challenges the constitutionality of Defendant SEIU Local 1000's opt-out system that requires non-members to take affirmative action and submit fee objections in order to prevent the deductions of SEIU Local 1000's non-chargeable expenses from their wages. That same question is raised in *Friedrichs*. (*Friedrichs* also raises another question not raised by the present case: whether the fair share fee system in general is unconstitutional, i.e., whether the First Amendment prohibits any requirement that non-member public employees financially support the union that represents them in collective bargaining, including both chargeable and non-chargeable expenses.)

6. It is likely that, whichever way the Supreme Court rules in *Friedrichs*, summary judgment and/or trial will not be necessary in this case, or at least the scope of any such summary judgment and/or trial will likely be substantially narrowed. Upon the Supreme Court's decision in *Friedrichs*, the parties will meet to discuss how to resolve this case in light of that decision and inform the Court of their suggestion(s). If this Court does not stay the proceedings in the present case, the parties and the Court will be required to expend time and resources that, in all likelihood, will be wasted effort because this Court's decision ultimately will either be affirmed or reversed based on the Supreme Court's decision in *Friedrichs*. On the other hand, nothing will be lost, and no party will be harmed, by awaiting the Supreme Court's decision in *Friedrichs*.

For the foregoing reasons, the undersigned parties hereby respectfully request this Court to stay all remaining proceedings in this case, specifically summary judgment, all further pretrial proceedings, and trial, pending the Supreme Court's decision in *Friedrichs*, and to vacate the scheduled dates for the motion cut-off, final pretrial conference, and the trial. When the Supreme Court issues its decision in *Friedrichs*, the parties will so inform this Court and will meet and confer to present this Court with a joint status statement discussing what they believe is left to be done in this case and how they believe this Court should proceed.

///

///

**Stipulated Request to Stay Proceedings; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

| | |
|---|---|
| Dated: July 24 2015. | Respectfully submitted, |

JEFFREY B. DEMAIN
EVE H. CERVANTEZ
P. CASEY PITTS
Altshuler Berzon LLP

YORK J. CHANG
ANNE M. GIESE
SEIU Local 1000

By:     */s/ Jeffrey B. Demain*
         Jeffrey B. Demain

Attorneys for Defendant Service Employees
International Union, Local 1000

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
KIM L. NGUYEN
Deputy Attorney General
State Bar No. 209524
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Telephone:  (213) 897-5677
Facsimile:  (213) 897-5775
E-mail:  Kim.Nguyen@doj.ca.gov

By:     */s/Kim Nguyen* (as authorized on July 24, 2015)
         Kim Nguyen

Attorneys for Defendant California State Controller

W. JAMES YOUNG, Esq. (admitted *pro hac vice*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510

STEVEN R. BURLINGHAM, Esq.
California Bar No. 88544
Gary, Till & Burlingham
5330 Madison Avenue, Suite F
Sacramento, California  95841
Telephone:  (916) 332-8122
Facsimile:  (916) 332-8153

By:     */s/W. James Young* (as authorized on July 24, 2015)
         W. James Young

Attorneys for Plaintiffs and the Class They Represent

**Stipulated Request to Stay Proceedings; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

3

# ORDER

**IT IS SO ORDERED.**

Dated: July 27, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**Stipulated Request to Stay Proceedings; Proposed Order Thereon**
*Hamidi, et al. v. SEIU Local 1000, et al.*, Case No. 2:14-cv-00319-WBS-KJN

4